UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY SEAGRAVES, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:19 CV 1710 CDP ) |
| DAN REDINGTON, et al., | ) ) |
| Respondents.[1] | ) ) |

# MEMORANDUM AND ORDER

Petitioner Gary Seagraves is an inmate at the Missouri Northeast Correctional Center in Bowling Green, Missouri. Petitioner was charged with one count of possession of child pornography and two counts of second-degree statutory sodomy in Dunklin County, Missouri (Case Number 14 DU-CR691-01). On September 8, 2015, petitioner pleaded guilty to both counts of second-degree statutory sodomy in exchange for the dismissal of the child pornography count. Petitioner was sentenced to two consecutive ten-year sentences. Petitioner did not file a direct appeal. Petitioner later filed a *pro se* post-conviction motion to vacate, set aside, or correct his judgment and sentence under Missouri's Criminal Rule 24.035. Counsel was appointed to represent him, and petitioner filed an amended

---

[1] When Seagraves filed his petition, he was incarcerated at the Missouri Eastern Correctional Center where Jennifer Sachse was the Warden. Petitioner has since been transferred to Missouri Northeast Correctional Center (NECC) where Dan Redington is the Warden. As Redington is petitioner's current custodian, he is substituted as the proper party respondent. 28 U.S.C. § 2254, Rule 2(a). Because petitioner is serving the first of two consecutive sentences and challenges both sentences, he is contesting future custody. Missouri Attorney General Eric Schmitt is therefore also a proper party respondent. 28 U.S.C. § 2254, Rule 2(b).

Rule 24.035 motion alleging that his attorney was ineffective for misinforming him that he could appeal the denial of his *Franks v. Delaware* motion and his motion to suppress following his guilty plea. After an evidentiary hearing, the trial court denied the motion and held that petitioner's guilty plea was knowing and voluntary and he did not receive ineffective assistance of counsel.

Petitioner appealed the denial of his Rule 24.035 motion. The Missouri Court of Appeals affirmed the denial of post-conviction relief in an unpublished opinion dated June 18, 2019, finding that the motion court did not clearly err in finding petitioner's testimony not credible and concluding that petitioner had failed to demonstrate that his attorney had misinformed him of his rights to appeal.

In his petition for writ of habeas corpus under 28 U.S.C. § 2254, petitioner raises the following two grounds for relief:

   1) his attorney was ineffective for failing to inform him of his possible sentences before he pleaded guilty; and

   2) his attorney was ineffective for misinforming him about his ability to challenge the denial of his *Franks* motion and the motion to suppress after he pleaded guilty.[2]

Petitioner is not entitled to relief on any grounds raised in his § 2254 petition for the reasons set out below.

---

[2] Although petitioner's habeas petition purports to raise two additional claims, Grounds 3 and 4 are merely restatements of Ground 2 and simply refer to portions of the brief he filed on post-conviction appeal which discuss the claim raised in Ground 2.

## Standard of Review

Under the Antiterrorism and Effective Death Penalty Act, federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990).

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10–11 (2012).

Where the state court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

3

established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380–83.

"A state court's decision is 'contrary to' clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001) (citing *Williams,* 529 U.S. at 412–13). "A federal court may grant relief under the 'unreasonable application' clause if the state court correctly identified the governing legal principle, but unreasonably applied it to the facts of the particular case." *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." *Jackson*, 651 F.3d at 925 (citing *Bell*, 535 U.S. at 694).

Finally, when reviewing whether a state court decision involves an

4

"unreasonable determination of the facts" in light of the evidence presented in the state court proceedings, state court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). "[E]ven erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged state court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). This standard is difficult to meet. *Metrish*, 569 U.S. at 357-58.

## Discussion

Ground 1 of petitioner's habeas petition will be denied as it was not raised in his amended Rule 24.035 motion or on appeal from the denial of that motion, and petitioner cannot avoid the resulting procedural default of this claim in his

5

petition.[3] Accordingly, Ground 1 of petitioner's habeas petition is denied as procedurally defaulted.

Ground 1 is also meritless. Petitioner's claim that he did not understand that his sentences could be ordered to be served consecutively and that he was told he would only serve ten years imprisonment is conclusively refuted by the record. (Ex. B to Resp.'s Response to Show Cause Order, Doc. 10-1 at 44-64). During his plea colloquy, the state court discussed with petitioner the fact that the maximum sentence for each count was fifteen years imprisonment but that as part of the plea agreement, the State and the defense agreed to cap the total amount of the sentence at 20 years. Petitioner reiterated that he understood the punishment he could receive (Doc. 10-1 at 46), that his plea counsel discussed the maximum punishment he could receive and that he understood the possible sentences he could receive (Doc. 10-1 at 46), and that he was not promised anything in exchange for his plea of guilty other than the State's agreement about "capping the

---

[3] In a traverse docketed on November 18, 2019, (Doc. 17), petitioner argues without any evidentiary support that he is innocent and not of sound mind. Petitioner's unsupported, conclusory assertions fail to establish the requisite cause and prejudice or actual innocence necessary to overcome the procedural default of these claims. In addition, petitioner's argument that he was unaware he failed to appeal is inapplicable here. Petitioner raises only ineffective assistance of counsel claims in his habeas petition, which are brought in Rule 24.035 post-conviction motions in Missouri, not during the direct appeal process. Petitioner did appeal the denial of his Rule 24.035 motion to the Missouri Court of Appeals, which denied the appeal on the merits. The procedural default of this claim therefore arises not from any failure to file a direct appeal, but from the failure to raise the claim in the first instance in a Rule 24.035 motion and then on appeal from the denial of that motion.

6

amount of sentence at 20 years." (Doc. 10-1 at 49). In accordance with the plea agreement, the court then sentenced petitioner to ten years imprisonment on two counts, to be served consecutively, for a total of twenty years.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* Petitioner must submit significant evidence to overcome the presumption; "conclusory allegations unsupported by specifics" are not enough. *Id.* Nothing in the record suggests that petitioner's statements made under oath were coerced or that his plea was unknowing or otherwise suspect, and he offers nothing but conclusory allegations in support of his ineffective assistance claim now. Ground 1 is therefore denied.

In Ground 2, petitioner argues that he received ineffective assistance of counsel because his attorney allegedly misinformed him about his ability to challenge the trial court's rulings on his *Franks* motion and his motion to suppress following his guilty plea. Petitioner raised this claim in his Rule 24.035 motion and on appeal of its denial to the Missouri Court of Appeals, which rejected it as follows:

> Gary Don Segraves ("Movant") timely filed a Rule 24.035 amended motion for post-conviction relief alleging that his plea counsel was "ineffective for misinforming Movant that he could appeal the denial of his *Franks v. Delaware* motion and his motion to suppress his statements by filing a Form 40 (pro se motion to vacate, set aside or correct judgment and sentence) and appealing the issues through Rule 24.035." At the evidentiary hearing on this motion, Movant's testimony was the only evidence presented that plea counsel misinformed Movant as alleged. Finding that testimony "not credible," the motion court entered its judgment denying Movant's claim and his motion.
>
> Movant now timely appeals, claiming in a single point that the denial of his motion was clearly erroneous "because [Movant] proved by a preponderance of the evidence that plea counsel was ineffective for misinforming [Movant] that he could appeal the denial of his motions to suppress after pleading guilty." We disagree.
>
> The motion court is free to believe all, part, or none of a witnesses' testimony. *Zink v. State*, 278 S.W.3d 170, 192 (Mo. banc 2009). This includes the testimony of the movant. *Clay v. State*, 297 S.W.3d 122, 124 (Mo. App. 2009). Where, as here, the motion court denies post-conviction relief on the basis that a movant's testimony was not credible, we must defer to the motion court's credibility determination. *Oliphant v. State*, 525 S.W.3d 572, 578 (Mo. App. 2017).
>
> The motion court's judgment is presumed correct. *Deck v. State*, 381 S.W.3d 339, 343 (Mo. banc 2012). Where Movant cannot direct us to any credible evidence demonstrating otherwise, we have no basis upon which to find the presumed correct judgment clearly erroneous. Movant's point is denied, and the motion court's judgment is affirmed.

(Doc. 7-3).

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686

8

(1984).  To state a claim for ineffective assistance of counsel, petitioner must prove two elements of his claim.  First, he "must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*  Second, petitioner "must show that the deficient performance prejudiced the defense." *Id.* at 687.  This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

Under these standards, the state court's determination that petitioner did not receive ineffective assistance of counsel is entitled to deference as the decision was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts and petitioner's credibility in light of the evidence presented at the Rule 24.035 hearing.  *See* 28 U.S.C. § 2254(d)(1) and (2); *Williams*, 529 U.S. at 379; *Marshall v. Lonberger*,

459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). As such, Ground 2 of petitioner's habeas petition is denied.

To the extent petitioner's habeas petition is construed as requesting an evidentiary hearing, it will be denied. Generally, an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in the AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473–75 (2007); 28 U.S.C. § 2254(e)(2). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. In addition, a federal habeas court must take into account "the deferential standards" under the AEDPA that "control whether to grant habeas relief." *Id.* A habeas court need not hold an evidentiary hearing "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *Id.* (internal quotation marks and citation omitted). As petitioner's claims are conclusively refuted by the record, the Court denies any request for an evidentiary hearing. *See Crawford v. Norris*, 363 Fed. Appx. 428, at *2 (8th Cir. 2010) ("If the factual allegations a petitioner seeks to prove would not entitle him to relief under the relevant standard, then an evidentiary hearing is not

10

required."). For the same reason, the Court also denies petitioner's motions for appointment of counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (in determining whether to appoint counsel, court should could whether "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.").

As petitioner has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Dan Redington is substituted for Jennifer Sachse as respondent, and Missouri Attorney General Eric Schmitt is added as a respondent.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 [1] is denied.

**IT IS FURTHER ORDERED** that petitioner's motions for appointment of counsel [11, 16] are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

A Judgment in accordance with this Memorandum and Order is entered this same date.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2020.